IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAD LINSCOMB, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-67 |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

Defendant The Dow Chemical Company ("Dow") files this Notice of Removal in *Brad Linscomb v. The Dow Chemical Company*, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446(c), in the Southern District of Texas. Notice has been provided to the 133rd Judicial District Court of Harris County, Texas.

### I.   INTRODUCTION

1. Plaintiff Brad Linscomb ("Plaintiff") brought suit against Dow in Harris County, Texas, Cause No. 2023-84087. At this time, only the Plaintiff's Original Complaint has been filed in the state court. Dow was served with the Petition on December 13, 2023. Thus, the time within which Dow is allowed to file this Notice of Removal has not elapsed. 28 U.S.C. § 1446(b)(1).

2. Plaintiff seeks damages in an amount that is within the jurisdictional limits of the state court, including back pay, future wages, compensation for benefits, compensatory damages, mental anguish, punitive damages, reasonable attorneys' fees, pre- and post-judgment interest, and costs of court, from Dow related to alleged age discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA").

3.      Because complete diversity exists and the amount in controversy exceeds $75,000, Dow removes this suit to this Court under diversity jurisdiction.

## II.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S. Code § 1441(a) and (b), Dow removes this action to the District Court of the United States for the Southern District of Texas, Houston Division, because it is the District and Division embracing the place where such action is pending.

5.      Removal to this Court is proper, as this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1).  Section 1332(a)(1) provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different states . . . ."

6.      The petition alleges causes of action based on age discrimination and retaliation under TCHRA.  Based on Plaintiff's allegations, it is facially apparent that the amount in controversy exceeds $75,000, and that there is complete diversity amongst the parties.

**A.     The amount in controversy exceeds $75,000.**

7.      When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

8.      The petition specifies that Plaintiff "seek[s] to recover more than $250,000 but less than $1,000,000." (Ex. B, Pl.'s Original Pet. ¶ 1.)  Thus, the amount in controversy exceeds $75,000.

**B.     Complete diversity exists among the Plaintiff and Defendant.**

9.     For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties on each side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

10.     A corporation's citizenship is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

11.     Plaintiff pleaded that he is a citizen of Texas. (Ex. B, Pl's Original Compl. at ¶ 2.)

12.     Plaintiff improperly pleads Dow's citizenship as a citizen of Texas. Dow is incorporated under the laws of Delaware and has its principal place of business in Midland, Michigan. (Ex. C, Tex. Secretary of State filings.) As such, Dow is a citizen of Delaware and Michigan.

13.     Because Plaintiff and Dow are citizens of different states, complete diversity is met. The complete diversity, in addition to an amount in controversy exceeding $75,000 makes removal on the basis of diversity jurisdiction proper.

### III.     STATE COURT DOCUMENTS

14.     Dow attaches hereto documents required to be filed with this Notice of Removal pursuant to Southern District of Texas Local Rule 81:

Exhibit A:     Index of Matters Being Filed

Exhibit B:     Plaintiff's Original Complaint and Service documents

Exhibit C:     Texas Secretary of State Filings for The Dow Chemical Company

Exhibit D:     Copy of the State Court Record

Exhibit E:     List of all counsel of record, addresses, telephone numbers, and parties

### IV. TIMING OF REMOVAL

15. The removal is timely because it is being filed within thirty (30) days of service of Plaintiff's Original Complaint, which was served on Dow on December 13, 2023.

### V. NOTICE TO ADVERSE PARTIES AND STATE COURT

16. Dow has provided written notice of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the clerk of the State Court where the action is pending pursuant to 28 U.S.C. § 1446(d).

### VI. JURY DEMAND

17. Plaintiff has requested a jury.

### VII. CONCLUSION AND PRAYER

18. In light of the foregoing, Defendant The Dow Chemical Company respectfully removes this civil action styled *Brad Linscomb v. The Dow Chemical Company*, under Cause No. 2023-84087. Dow further prays that this Court takes jurisdiction of this action and issue all necessary orders and process to remove this action from the 133rd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated: January 8, 2024                          Respectfully submitted,

OF COUNSEL:                                     JORDAN, LYNCH & CANCIENNE PLLC

JORDAN, LYNCH & CANCIENNE PLLC                  By: */s/ Kevin Jordan*
                                                Kevin Jordan
Brittainie Zinsmeyer                            Federal ID No. 30572
Federal ID No. 3700019                          1980 Post Oak Blvd., Suite 2300
State Bar No. 24115981                          Houston, Texas 77056
1980 Post Oak Blvd., Suite 2300                 Telephone: 713.955.4022
Houston, Texas 77056                            Facsimile: 713.955.9644
Telephone: 713.955.4022                         kjordan@jlcfirm.com
Facsimile: 713.955.9644
bzinsmeyer@jlcfirm.com                          ATTORNEYS FOR DEFENDANT
                                                THE DOW CHEMICAL COMPANY

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was served on the following counsel of record through the Court's electronic filing system on January 8, 2024:

C. Ashley Callahan
Anne Grigg
LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.
603 W. 17th Street
Austin, Texas 78701
acallahan@callahanlawoffices.com
anne@callahanlawoffices.com

Nicole Conger
The Law Office of Nicole Conger, PLLC
13809 Research Blvd., Suite 500
Austin, Texas 78750
nicole@nicoleconger.com
*Attorneys for Plaintiff Brad Linscomb*

                                                */s/ Kevin Jordan*
                                                Kevin Jordan